UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JEFFREY JACKSON-EL,

    Plaintiff,

v.

STATE AND FEDERAL PLAINTIFFS
IN GENERAL,

    Defendant.

Case No. 1:11-cv-278

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

---

This purports to be a civil action for injunctive relief brought by a *pro se* plaintiff. Plaintiff names as defendants "State and Federal Plaintiffs in General." The gravamen of plaintiff's complaint is that he is not a citizen of the United States or of any State but of the "Moorish-American National Divine Movement." On this basis, plaintiff asserts that he is not subject to the jurisdiction of any state or federal court and that any relief against him must be sought pursuant to the Treaty of Peace and Friendship between the United States and Morocco. Plaintiff seeks injunctive relief requiring any state or federal plaintiff to refrain from filing any civil or criminal action against him in any court of this country, but to proceed pursuant to treaty.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010)(quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 129 S. Ct. at 1949, 1950). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Even a cursory review of plaintiff's complaint demonstrates that it is frivolous within the meaning of 28 U.S.C. § 1915(e)(2). The Supreme Court has explained that a complaint may be dismissed as frivolous if it contains factual allegations that are "fantastic or delusional" or is based on legal theories that are "indisputably meritless." *Neitzke*, 490 U.S. at 325-28. Plaintiff's allegation that he is a citizen of the nonexistent State of the "Moorish-American National Divine Movement" is clearly delusional. *See Belle v. FBI*, 46 F. App'x 326 (6th Cir. 2002) (allegation that plaintiff was

the victim of a conspiracy among the President of the United States, Osama bin Laden, and the Supreme Council of the World was delusional within the meaning of section 1915(e)(2)). Plaintiff has become a frequent *pro se* litigant in this court. Plaintiff's filings disclose that he is a resident of the City of Grand Rapids. He professes that he is homeless and has in other cases revealed to the court that he suffers from a mental disability. (*See, e.g., Jackson-El v. United States Attorney General*, case no. 1:10-cv-770, Motion for Special Accommodations, docket # 8). Plaintiff's contention that he is a citizen of a nonexistent country is factually delusional, and his assertion of immunity from suit in the state and federal courts is an indisputably meritless legal position. The complaint is clearly frivolous within the meaning of 28 U.S.C. § 1915(e)(2).

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).


Dated: March 24, 2011             /s/ Joseph G. Scoville
                                  United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).