UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
|
JEFFREY JACKSON-EL,                     |      Case No. 1:11-cv-278
|
        Plaintiff,                      |   HONORABLE PAUL L. MALONEY
|
            v.                          | Magistrate Judge Joseph G. Scoville
|
STATE AND FEDERAL PLAINTIFFS IN GENERAL, |
|
        Defendants.                     |
|
_____

**OPINION and ORDER**

**Overruling the Plaintiff's Objections and Adopting the R&R;**
**Dismissing the Complaint as Frivolous;**
**Terminating and Closing the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIvR 72.2(b), this matter was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on March 24, 2011. Plaintiff timely filed a document on April 4, 2011 which he denominated as an objection to the R&R, but it identifies neither legal nor factual error by the Magistrate Judge and is as frivolous as the complaint itself.

As the R&R explains, the crux of Jackson-El's complaint is that because he is purportedly a citizen of the Moorish-American Divine National Movement rather than a citizen of the United States of America or of any State, he is not subject to the jurisdiction of any federal or State court and any punishment or relief against him must be pursued under a treaty between this country and Morocco. The Magistrate is correct that Jackson-El's allegations of Moorish-American

"citizenship" and non-US citizenship are delusional and supported by any competent evidence in the record. So far as the record reflects – or any source which would allow the court to take judicial notice – there is no recognized country with any name similar to that mentioned by Jackson-El, so there is no possibility that he is a citizen or resident of such a country. *Cf. El Bey v. Phil Bredesen*, No. 10-2217, 2010 WL 5069882, *4 (W.D. Tenn. S. Thomas Anderson, J.) (characterizing as "factually frivolous" the plaintiffs' claim that they were ""aboriginal Washitaw Moorish missionaries" and "citizens of the Washitaw Amerindian National Government"); *Burpee-El v. Warden, Fort Dix*, No. 10-2200, 2010 WL 4628031, *2-3 (D.N.J. Nov. 8, 2010) (Jerome Simandle, J.) (in response to plaintiff's claim that he was "a freeborn Moorish-American sovereign" over whom the federal and State courts lacked jurisdiction, court found that plaintiff had a pattern of frivolous and obstructive pleadings, noting that while plaintiff and other litigants "did indeed reside in various parts of the United States, they habitually created fictitious names for the places of their residence * * * and ha[d] no ability to convey the actual geographic locations of these *imaginary political subdivisions* . . . .") (emphasis added).

The Magistrate Judge is further correct to conclude that Jackson-El's position regarding the jurisdiction of this court and the state courts is inarguably meritless, as our sister courts in all circuits have unanimously held. *Accord, e.g., US v. Burris*, 231 F. App'x 281, 281 (**4th Cir.** 2007) (per curiam) (Michael, Traxler, Gregory) ("Counsel first notes that Burris 'only wanted to argue that the court lacked jurisdiction because of his status as a Moorish American national.' This claim is patently frivolous.") (citation to brief omitted); *US v. Toader*, Nos. 09-3787 & 09-4100, 2010 WL 4780362, *3 (**7th Cir.** Nov. 24, 2010) (per curiam) (C.J. Easterbrook, Wood, Tinder) ("Borlea argues that the federal courts lack subject matter jurisdiction over him because he is a Native Asiatic

2

Moorish National Citizen. This argument is frivolous.") (footnote 1 omitted); *Mikell v. US*, Nos. CV609-065 & CV606-026, 2011 WL 83095, *1 n.2 (**S.D. Ga.** Jan. 26, 2011) (George R. Smith, M.J.) ("His . . . filing will also be disregarded as non-sensical, as it pivots off his declaration that he is a 'Moorish' descendant over whom the United States has no jurisdiction."), *R&R adopted*, 2011 WL 833550 (S.D. Ga. Mar. 3, 2011).

Even if Jackson-El were, *arguendo*, a citizen of some other country and not a citizen of the United States or of any State, he would still be subject to the jurisdiction of this court and other relevant federal and State courts under the circumstances. *See Toader*, 2010 WL 4780362 at *3 ("We have rejected a similar challenge to the district court's jurisdiction by a defendant asserting that he was a Moorish national and therefore need obey only those laws mentioned in an ancient treaty between the United States and Morocco. 'Laws of the United States apply to all persons within its borders. Even if James were not a citizen of the United States . . . he would be obliged to respect the laws of this nation.'") (quoting *US v. James*, 328 F.3d 953, 954 (7th Cir. 2003)); *cf. Allah-El v. Bronx Cty. D.A.*, No. 2009-cv-8746, 2009 WL 3756331, *1 (S.D.N.Y. Nov. 4, 2009) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence.").

Jackson-El's objections do nothing to undermine the Magistrate Judge's legally and factually correct determinations. In its entirety, Jackson-El's purported objection states as follows:

> I hereby declare that the Report and Recommendation, by Magistrate Judge Scoville, is void, meaning, of no legall [sic] effect. The application of the 14th Amendment to the U.S. Constitution, in regards [sic] to citizenship, is an entitlement, a Civil Right. One thing is for sure, is the fact that the application of the 14th Amendment is a Right, not a legal obligation. I have the lawful right to decline the application of the 14th Amendment to the U.S. Constitution, in regards [sic] to I not accepting U.S. nationality nor any State nationality, the Civil Rights Act of 1866, will help in lawfully clarifying, that U.S. citizenship, is a civil right, not a lawful obligation. Therefore, one can decline the application of the 14th

Amendment of the U.S. Constitution, at any given time.

> Based on the fact [that] this is a right, not an obligation, I have made no claim at all, that the Moorish-American National Divine Movement, was a State. What was stated was, that I pledge no allegiance to no government [sic], based on the fact, my religion is Sufficient and Lawful enough to govern, I [sic. If there comes [sic] any actual Contr[o]versies, in which any Citizen of the U.S., has with I [sic], the Treaty of Peace and Friendship, Article 20, needs to be adhered to. Based on the fact that I have Rightfully Declined, U.S. Nationality, as well as any State nationality, in which I have the lawful right to decline, a right, there is no Lawful Adjudication in State & Federal Courts, in regards [sic] to I [sic], because I am not a U.S. Citizen, and Political Question is the issue, any time one pursues to make, I [sic], a Party in any Action.

> I object to Magistrate Scoville's claim of my mental Disability makes me unable to be Objective and Rationale [sic] in my Particular Claim. I have no Mental Disability, that impairs my legal Objective or Rationale. Therefore, I respectfully request, that the Report and Recommendation, by Magistrate Judge Scoville, be denied by the Courts [sic].

Plaintiff's Objections (Doc 5) at 1-2. Plaintiff provides no citation to authority for any of his outlandish propositions, merely restating his original arguments and adding commentary regarding his view of his mental or psychological condition and abilities. The court will, and must, dismiss his complaint as frivolous under 28 U.S.C. § 1915(e)(2).

**ORDER**

Accordingly, having reviewed the complaint, R&R, objections, and the applicable law:

The plaintiff's objection [document #5] is **OVERRULED**.

The R&R [document # 4] is **ADOPTED**.

The complaint is **DISMISSED** as frivolous.

A separate judgment will issue as required by FED. R. CIV. P. 58.

This case is **TERMINATED** and **CLOSED**.

This is a final and immediately appealable order.

**IT IS SO ORDERED** this  26th  day of April 2011.


/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge